■ CHARLES A. TIFFANY et al., Appellants, v. BRIGID KELLY, Respondent. (Action No. 1) MICHAEL J. KELLY, as Administrator of the Estate of MARGARET M. KELLY, Deceased, Appellant, v. CHARLES A. TIFFANY et al., Appellants, and BRIGID M. KELLY, Respondent. (Action No. 2)— Appeal from a judgment of the Supreme Court, Albany County by the plaintiffs Charles A. Tiffany and Mildred Tiffany in Action No. 1 and the defendants Charles A. Tiffany and Mildred Tiffany in Action No. 2 in favor of Brigid M. Kelly, entered in the

Albany County Clerk's Office on July 15, 1957, of no cause of action and from judgments in favor of the plaintiff Michael J. Kelly, administrator of the Estate of Margaret M. Kelly, deceased, against the said Charles A. Tiffany and Mildred Tiffany, as defendants entered in the Albany County Clerk's Office July 11, 1957 in the total sum of $13,778.86 and also from an order denying the motion to set aside the above verdicts. On September 25, 1955 the plaintiff Charles A. Tiffany was driving a motor vehicle owned by his wife, Mildred Tiffany in a southerly direction on Route 9 near the entrance to the Roosevelt Memorial Library. The motor vehicle operated by Brigid Kelly was proceeding in an easterly direction, making her exit from the Roosevelt Memorial Library. Margaret M. Kelly was a passenger in this car. The motor vehicles collided on the travelled portion of Route 9. Although there was a conflict in the evidence, the questions of the credibility of the witnesses, the effect and weight of the conflicting and contradictory testimony, and the questions of negligence and contributory negligence and damages were clearly questions of fact for the jury. We see no reason to disturb their verdicts on this record. Judgments and order affirmed, with costs to the respondents. Foster, P. J., Gibson and Reynolds, JJ., concur; Bergan and Herlihy, JJ., dissent. We agree that the issue of facts here is one for the jury but in our view the verdict of the jury in favor of Brigid Kelly, is against the weight of the credible evidence and we vote to reverse that verdict and to order a new trial.